[No. 49827-4-I.  Division One.  September 16, 2002.]

SUDDEN VALLEY COMMUNITY ASSOCIATION, *Respondent*, v.
WHATCOM COUNTY WATER DISTRICT NO. 10, *Appellant*.

*Brian L. Hansen* (of *Resick, Hansen & Follis*), for appellant.

*Mark J. Lee* (of *Langabeer, Tull & Lee, P.S.*), for respondent.

AGID, J. — Appellant Whatcom County Water District No. 10 (District) provides water and sewer service to residents in the Lake Whatcom watershed, including homeowners in an unincorporated subdivision called Sudden Valley. The Sudden Valley Community Association brought a declaratory judgment action challenging the District's decision to increase the water rates for Sudden Valley lot owners. The District appeals from the superior court's order granting Sudden Valley's motion for summary judgment.

The District provides water to residents in four geographical areas: Geneva, Sudden Valley, North Shore, and Agate Heights. The water supplied to Sudden Valley residents is drawn from Lake Whatcom and treated at the District's water treatment plant in Sudden Valley. Residents in the Geneva and North Shore areas receive water the District purchases from the city of Bellingham (City). The City also draws its water from Lake Whatcom. In an effort to preserve the water quality in Lake Whatcom, the City increased its water rates so it could fund land acquisitions in the watershed. As a result, the District expects to pay the City about $55,000 more per year to purchase water for Geneva and North Shore residents. In granting Sudden Valley's motion for summary judgment, the trial court held that the District's decision to impose a uniform surcharge on ratepayers in all four geographic areas to cover this increased cost was unreasonable and arbitrary. We reverse the trial court's summary judgment order because in imposing the uniform surcharge, the District acted within its statutory authority and reasonably concluded that all of its customers receive a benefit from the Lake Whatcom improvements the rate increase will fund.

## FACTS

The essential facts are undisputed. The District is a combined water and sewer district operating under the authority of Title 57 RCW. The water rate for customers in each of its four service areas is based on the direct costs of providing service to that area plus systemwide costs that are shared equally by all customers in the District.

In response to the City's increase in rates for water the District supplies to the Geneva and North Shore areas, the District decided to pass the costs on to all of its ratepayers even though Sudden Valley residents do not receive any of the water purchased from the City. The District reasoned that because all residents in the District receive water originating in Lake Whatcom, they would all benefit from the land acquisition financed by the rate increase and should therefore share in the increased cost. Based on this rationale, the District assessed a uniform surcharge on all water and sewer bills to cover the increased cost resulting from the City's rate increase.

Sudden Valley argued, and the trial court agreed, that the District's decision to pass along the bulk water rate increase to all of its customers, including those who do not receive the water purchased from the City, was arbitrary and unreasonable. The trial court granted Sudden Valley's motion for summary judgment and denied the District's. This appeal followed.

## DISCUSSION

■ We review the trial court's summary judgment order de novo.[1] Because there is no dispute over the pertinent facts, we need decide only whether the trial court erred in concluding that the rate increase charged by the District to Sudden Valley residents was illegal. "Charges imposed by a water district are presumptively reasonable and will be

---

[1] *St. John Med. Ctr. v. Dep't of Soc. & Health Servs.*, 110 Wn. App. 51, 64, 38 P.3d 383 (2002).

upheld, unless it appears from all the circumstances that they are excessive and disproportionate to the services rendered."[2] As the party challenging the District's rates, Sudden Valley bears the burden of proving that the rates are invalid.[3]

The Washington Supreme Court has classified the operation of utilities as a "proprietary function."[4] "Actions taken pursuant to a proprietary function are authorized unless they are beyond the purposes of the statute, or contrary to an express statutory or constitutional provision."[5] If the District's actions " 'come within the purpose and object of the enabling statute and no express limitations apply,' " we will " 'leave[] the choice of means used in operating the utility to the discretion of' " the District.[6] Therefore, we will uphold the District's rate-making decision unless it was arbitrary, capricious, or unreasonable.[7]

RCW 57.08.005(3) empowers the District to supply residents with water and gives the District "full authority to regulate and control the use, content, distribution, and price thereof in such a manner as is not in conflict with general law." The commissioners of the District have the statutory authority to fix rates and charges for providing water "so that uniform charges will be made for the same class of customer or service and facility."[8] In classifying

---

[2] *Irvin Water Dist. No. 6 v. Jackson P'ship*, 109 Wn. App. 113, 127, 34 P.3d 840 (2001).

[3] *Id.*

[4] *Mun. of Metro. Seattle v. Div. 587, Amalgamated Transit Union*, 118 Wn.2d 639, 645, 826 P.2d 167 (1992). "A government acts in a proprietary capacity 'when it engages in a business-like venture as contrasted with a governmental function.' " *Hoffer v. State*, 110 Wn.2d 415, 422, 755 P.2d 781 (1988) (quoting *Black's Law Dictionary* 1097 (5th ed. 1979)), *adhered to on recons.*, 113 Wn.2d 148, 776 P.2d 963 (1989).

[5] *Mun. of Metro. Seattle*, 118 Wn.2d at 645.

[6] *Id.* at 646 (quoting *City of Tacoma v. Taxpayers of Tacoma*, 108 Wn.2d 679, 695, 743 P.2d 793 (1987)).

[7] *Id.*

[8] RCW 57.08.081(1).

customers, the District "may in its discretion consider any or all" of the factors enumerated in RCW 57.08.081(2).[9]

Sudden Valley argues that the District's rate-making decision was unreasonable and arbitrary because, in imposing the uniform surcharge, the District failed to draw a distinction between residents who receive water purchased in bulk from Bellingham and residents who receive water treated at the District's own facility. We can appreciate Sudden Valley's position because the District has historically used this distinction in setting its rates. As the trial court found, water customers in each of the District's four geographic areas "are charged a rate based upon the direct costs of providing service to the category of customers" and a share of the "system-wide costs." In other words, water rates for customers in Geneva and North Shore are determined by the cost of purchasing bulk water from the City, while water rates for customers in Sudden Valley are based on the cost of drawing water from the lake and treating water at the District's own facility. Sudden Valley maintains that because its residents do not receive any of the water that the District purchases from the City, they should not have to pay a share of the increased cost of purchasing bulk water from the City. In essence, it argues that the District's decision is unreasonable because it ignores the classification that the District created in fixing its rates.

The District admits that the rate increase "is a component of [the] City's utility charge for water" but argues that its decision to spread this cost equally among all of its customers is reasonable because all of its customers benefit from the land acquisitions financed by the rate increase. Both parties agree that reducing watershed density through land acquisitions will help to preserve and protect

---

[9] These factors include the difference in cost to various customers, the location of customers within and without the district, the achievement of water conservation goals and discouragement of wasteful practices, and "any other matters which present a reasonable difference as a ground for distinction." RCW 57-.08.081(2).

the water quality of Lake Whatcom.[10] Because Sudden Valley residents draw their water from Lake Whatcom, they will benefit from the City's watershed acquisitions.

Although both parties raise valid arguments, given the limited nature of judicial review in utility rate cases, we resolve this case in the District's favor. In reviewing the validity of the challenged water rate, we must first decide whether the District acted within its statutory authority in imposing the uniform surcharge.[11] As discussed above, the District's enabling statute gives it broad discretion in establishing water rates.[12] The statute does not require the District to classify its customers on any specific basis, but rather provides that the board of commissioners "may in its discretion consider any or all" of a number of factors in doing so.[13] Sudden Valley argues that in imposing the uniform surcharge, the District acted illegally by *failing* to make a distinction between customers receiving bulk water from the City and customers receiving water treated at the District's plant. But although the District "may" classify its water customers based on the "difference in cost to various customers," it is not required to do so.[14] Therefore, in deciding to impose a uniform surcharge to meet the District's increased cost of purchasing water from the City, the District was not acting outside its statutory authority or contrary to any express statutory provision.

■ ■ Next, we must consider whether the challenged surcharge is arbitrary, capricious, or unreasonable.[15] An action is arbitrary and capricious if it is willful and unreasonable and done without regard for facts or circum-

---

[10] *See City of Tacoma v. Welcker*, 65 Wn.2d 677, 685, 399 P.2d 330 (1965) (recognizing that "watershed isolation or acquisition" serves to prevent and control water contamination).

[11] *See Mun. of Metro. Seattle*, 118 Wn.2d at 645.

[12] RCW 57.08.005(3), .081(1).

[13] RCW 57.08.081(2).

[14] *Id.*

[15] *Mun. of Metro. Seattle*, 118 Wn.2d at 646.

stances.[16] "Where there is room for two opinions, action is not arbitrary and capricious when exercised honestly and upon due consideration . . . ."[17] The District's decision to impose a uniform surcharge to cover the increased cost of purchasing bulk water from the City was not unreasonable. Because all residents drawing their water from Lake Whatcom benefit from the land acquisitions financed by the City's rate increase, the District had a rational basis for concluding that all of its customers should share equally in the cost of the rate increase.

In maintaining that the surcharge is unreasonable, Sudden Valley relies on *Samis Land Co. v. City of Soap Lake*[18] for the proposition that the "secondary benefit" that its residents receive from the City's land acquisitions cannot justify passing on the cost increase to residents who do not receive water from the City. Sudden Valley's reliance on *Samis* is misplaced. In that case, the Supreme Court had to decide "whether a 'standby charge' imposed by the City of Soap Lake upon vacant, unimproved, uninhabited lots that abut but are unconnected to its water and sewer lines" was a regulatory fee or an unconstitutional property tax.[19] As the court noted, the distinction between fees and taxes is important because of the "fundamental constitutional constraints on governmental taxation authority."[20]

In determining whether a charge is a tax or fee, Washington courts consider "whether there is a 'direct relationship' between the fee charged and *either* a service received by the fee payers *or* a burden to which they contribute."[21] But because Sudden Valley has conceded that the surcharge in this case is a regulatory fee and not a tax, the

[16] *Teter v. Clark County*, 104 Wn.2d 227, 237, 704 P.2d 1171 (1985).

[17] *DuPont-Fort Lewis Sch. Dist. No. 7 v. Bruno*, 79 Wn.2d 736, 739, 489 P.2d 171 (1971).

[18] 143 Wn.2d 798, 23 P.3d 477 (2001).

[19] *Id.* at 801.

[20] *Id.* at 805.

[21] *Id.* at 811.

"direct relationship" test is inapplicable and the constitutional constraints on the government's taxation authority do not apply. We therefore reject Sudden Valley's contention that the District's decision is not reasonable unless there is a "direct relationship" between the surcharge and the benefit received by Sudden Valley residents. Sudden Valley has not met its heavy burden of showing that the District's decision was arbitrary and capricious or unreasonable. The District reasonably based its decision on the benefit all of its customers will receive from the land acquisition. We therefore uphold the District's decision.

We reverse the trial court's order granting Sudden Valley's motion for summary judgment and denying the District's motion for summary judgment. On remand, we direct the trial court to enter summary judgment in favor of the District.

GROSSE and ELLINGTON, JJ., concur.